UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAFEZONE SAFETY SYSTEMS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 08-1272 |
| GRAND ISLE SHIPYARD, INC. | SECTION "N" (2) |

## **ORDER AND REASONS**

Before the Court is the Motion to Remand (Rec. Doc. 4), filed by SafeZone Safety Systems, L.L.C. ("SafeZone"). After reviewing the Petition and Amended Petition, the memoranda of the parties, and the applicable law, the Court rules as set forth herein.

**I.   BACKGROUND**

On July 27, 2006, SafeZone filed suit against Grand Isle Shipyard, Inc. ("GIS") in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana. GIS was served with SafeZone's Petition on August 21, 2006. (Rec. Doc. 4-2, p. 6). In its Petition, SafeZone alleged that GIS granted it a license to conduct safe welding operations under U.S. Patent No. 6,783,054 ("the Patent"), but that GIS breached that agreement after selling the Patent to a third party, Alford Safety Services, Inc. ("Alford") (Petition, ¶ VI-VII). In October of 2007, more than one year after the Petition was filed, GIS filed a peremptory exception, asserting failure to join Alford as an indispensable party. The state court sustained the peremptory exception; however, it granted SafeZone leave to file an amended petition wherein it limited its claimed damages to

those incurred prior to the trial date. ((Exhibit A to Rec. Doc. 4). The state court explained that if SafeZone waived any claim for future damages beyond the date of trial, the grounds for GIS's peremptory exception would be removed, and SafeZone's action could continue. SafeZone filed an Amended Petition on February 1, 2008, wherein it added only one paragraph, which read as follows:

> Notwithstanding anything averred herein, petitioner respectfully represents that its future damages are limited to those suffered or incurred through the date of trial in this case, whereby the petitioner waives its claim for any future damages it might incur after the date of the trial of this case.

(Exhibit B to Rec. Doc. 4). GIS was served with the Amended Petition on February 13, 2008. (Rec. Doc. 1, ¶1). On March 13, 2008, GIS filed its Notice of Removal in the Eastern District of Louisiana, asserting:

> Specifically, [SafeZone] alleges that the patent is invalid, and that if [GIS] did not agree to enter into a license agreement with [SafeZone]. [SIC] The United States District Court for the Eastern District of Louisiana has jurisdiction by reason of 28 U.S.C. § 1338 in that the action arises under the Patent Laws of the United States as [SafeZone]'s right to relief depends upon the resolution of a substantial question of patent law.

(Rec. Doc. 1, ¶3). SafeZone then filed the instant Motion to Remand.

## II. ARGUMENTS OF THE PARTIES

SafeZone advances two separate arguments in its Motion to Remand. First, SafeZone asserts that GIS's removal is untimely. Specifically, SafeZone asserts that although GIS was served with its initial Petition on August 21, 2006, it waited approximately fifteen months to remove this action, and did so only after SafeZone filed its Amended Petition. However, SafeZone argues that the Amended Petition only added one paragraph that limited the damages claimed by SafeZone; no other amendments were made to its initial Petition. Thus, SafeZone

2

argues that the Amended Petition does not constitute a pleading "from which it may *first* be ascertained that the case is one which is or has become removable," as required by 28 U.S.C. §1446(b), emphasis added. In response, GIS argues that prior to the filing of its Notice of Removal there was no active federal patent claim against GIS to remove. GIS alleges that it was unknown from the face of the initial Petition that SafeZone would attack the validity of the Patent or that SafeZone's right to relief would turn on the validity of the Patent.

Second, and alternatively, SafeZone asserts that if the Court determines that GIS's removal was timely, no federal question jurisdiction exists to support removal. SafeZone argues that even though references to the Patent have been made, the claims do not arise from a disputed question of federal law. Instead, SafeZone argues that the claims are based entirely on Louisiana law, governing the enforceability of verbal contracts.[1] In opposition, GIS cites case law for the proposition that it could not have breached any agreement to issue a patent license if it did not hold a valid and enforceable patent in the first place, which would be a question of federal law.

## II. LAW & ANALYSIS

### A. Timeliness of Removal

The relevant statute, 28 U.S.C. § 1446(b), sets forth the following guidelines regarding removal of actions from state court:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...

---

[1] Here, GIS allegedly verbally granted to SafeZone a license agreement to conduct safe welding operations pursuant to the Patent.

3

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

28 U.S.C. § 1446(b). This Court must determine whether GIS clearly ascertained from the *initial* Petition whether this case involved federal claims.

GIS alleges that it was unknown from the face of the initial Petition whether SafeZone was asserting an active federal patent claim against it. Indeed, GIS contends that it was not until it received the Amended Petition that it was clear that SafeZone was attacking the validity of the Patent or that SafeZone's right to relief would turn on the validity of the Patent. However, as SafeZone points out in its motion, GIS repeatedly acknowledged that this case involved issues of federal patent law. Indeed, in GIS's Peremptory Exception of No Cause of Action, which was filed on August 31, 2006, GIS argued:

> It is undisputed that as of the date of the assignment, there was no written license agreement in place. Letters patent are a monopoly granted by Congress as authorized by the United States Constitution.

(Exhibit C to Rec. Doc. 4, p.2). On November 3, 2006, GIS filed a Supplemental Memorandum in Support of Exception of No Cause of Action, wherein it asserted:

> For these reasons, Plaintiff's complaint is facially defective in that a cause of action cannot lie for an assignment of a patent, because as a matter of Federal law such an assignment has no effect on any licenses whether verbal or written.

(Exhibit D to Rec. Doc. 4, p. 8). Further, during the second hearing on this motion, counsel for GIS acknowledged:

> In the pleading at paragraph three they refer to purported patent rights. And then in paragraph six they referred to a claim that there was a

possible *invalidity of the patent*.

(Exhibit E to Rec. Doc. 4., emphasis added).

While the Court is not presently making a determination of whether a federal question actually existed that would support removal, it is clear from the record that, many months before the Amended Petition was filed, GIS believed that this matter involved federal claims. It is also clear that the Amended Petition changed nothing other than clarifying the damages claimed by SafeZone.

The Court is not persuaded by GIS's argument that it was not put on notice that federal claims were being asserted until after the Amended Petition was filed. Indeed, GIS asserted in its Notice of Removal:

> [SafeZone] alleges that the patent is invalid, and that if [GIS] did not agree to enter into a license agreement with [SafeZone]. [SIC] The United States District Court for the Eastern District of Louisiana has jurisdiction by reason of 28 U.S.C. § 1338 in that the action arises under the Patent Laws of the United States as [SafeZone]'s right to relief depends upon the resolution of a substantial question of patent law.

(Rec. Doc. 1, ¶3). Notably, the allegations cited above as the basis for GIS's arguments regarding the existence of a federal question were contained in SafeZone's *initial* Petition. Thus, the Amended Petition cannot be said to have first notified GIS that SafeZone was attempting to either (1) assert a federal claim in this case or (2) assert state law claims that raised substantial questions of federal patent law (as asserted by GIS in its Notice of Removal). Thus, because GIS waited more than thirty days to remove this action after it first ascertained that SafeZone was asserting state law claims that possibly raised substantial questions of federal patent law, GIS's removal was untimely.

5

### B. The Existence of a Federal Question

Because this Court has determined that removal of this action was untimely, it is unnecessary to address SafeZone's alternative argument regarding whether an actual federal question existed upon which to remove this action.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** is **GRANTED IN PART** and that this matter is hereby **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana. However, the Plaintiff's request for costs incurred in these removal proceedings is **DENIED**.

New Orleans, Louisiana, this 24th day of March, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**